UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY ENGLUND, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF KANSAS, et al.,<br><br>    Defendants. | Case No. 25-2632-TC-BGS |

**MEMORANDUM AND ORDER GRANTING MOTION TO STAY**

This matter comes before the Court on the motion to stay filed by Defendants Attorney General Kris Kobach, the State Judges[1], and the State Entities[2] (collectively, the "State Defendants"). Doc. 29. By way of this motion, the State Defendants ask the Court to stay all discovery until the District Judge resolves their pending motions to dismiss. Defendant Butler and Associates, P.A. consents to the motion, but Plaintiffs oppose the requested stay. For the reasons discussed herein, the Court **GRANTS** the motion to stay.

**I. Background**

This is a putative class action which generally arises from the manner in which Johnson County administers probation for defendants ordered to pay restitution, and in particular from the practice of extending probation terms beyond statutory limits when restitution remains unpaid. *See generally* Doc. 1. Plaintiffs are four individuals who were sentenced in the Johnson County District Court to probationary terms for felony offenses. In each instance, the sentencing court ordered restitution as a mandatory condition of probation. None of the Plaintiffs dispute that restitution

---

[1] Chief Judge James Charles Droege, Judge Michael Joyce, Judge Neil B. Foth, Judge Sara Welch, Judge Brenda Cameron, and Judge Christina Dunn Gyllenborg, all in their official capacities.

[2] The State of Kansas, Kansas Office of Judicial Administration, and the Johnson County District Court.

1

was lawfully imposed, but the dispute instead concerns what occurred after the initial probationary terms expired.

Kansas law generally establishes outer limits on the length of probation. For most felony offenders, probation is capped at five years or the maximum prison sentence that could be imposed, whichever is longer. *Id.* ¶ 94. One subsection—K.S.A. § 21-6608(c)(7)—permits a court to continue probation when restitution remains unpaid. *Id.* ¶ 96. Plaintiffs allege that Johnson County has treated that subsection not as a discretionary safety valve, but as an automatic mechanism to prolong probation indefinitely for individuals who lack the means to satisfy large restitution obligations. *Id.* ¶¶ 14-16.

According to the complaint, Johnson County has implemented internal policies directing that probation not be terminated so long as restitution remains outstanding. *Id.* ¶ 108. Under these policies, cases with unpaid restitution are not considered for early termination, and probation officers seek extensions as a matter of course. *Id.* ¶¶ 20-21, 107. Plaintiffs contend that, in practice, this converts what is framed as judicial discretion into a routine administrative step triggered solely by nonpayment.

Plaintiffs further allege that the Johnson County courts typically extend not only the obligation to pay restitution, but all conditions of probation. *Id.* ¶ 21. Those conditions include warrantless searches, travel restrictions, drug and alcohol testing, and other intrusions attendant to supervision. *See id.* ¶¶ 24, 48, 375. As a result, an individual on probation who has otherwise complied with all conditions except full payment of restitution remains subject to the same restraints as a newly sentenced offender. In some cases, restitution accounts are referred to a private collection agency, Butler & Associates, pursuant to a contract with the Kansas Office of Judicial Administration. *Id.* ¶ 64. Once referred, additional collection fees and administrative charges are added to the underlying restitution balance. *Id.* ¶ 19. Plaintiffs allege that these added costs increase

the total amount owed and prolong the period during which probation remains open.

Each named Plaintiff's experience follows a similar pattern. *See id.* ¶¶ 141-199. At sentencing, the court imposed probation within the statutory range and ordered restitution in amounts ranging from several thousand to tens of thousands of dollars. *See id.* Plaintiffs allege they informed the court that they lacked the present ability to pay those amounts in full, often because of incarceration, unemployment, or caregiving responsibilities. *See id.* ¶ 14. Nevertheless, the Johnson County courts ordered monthly payment plans without making findings that full restitution was workable. As the original probation terms expired, restitution remained unpaid. In many instances, Plaintiffs signed forms labeled "voluntary" extensions or modifications of probation. *See, e.g., id.* ¶¶ 150, 182, 192. Plaintiffs allege they were unrepresented by counsel at those times and believed refusal to sign would result in revocation and jail time.

Over time, these extensions accumulated. Plaintiffs allege they have served, or will serve, probationary terms far exceeding the maximum periods contemplated by statute for their underlying offenses. *See id.* ¶¶ 154, 185, 196. In some cases, probation has extended for a decade or more. Plaintiffs allege that during these prolonged terms, they have been unable to vote and have faced obstacles to employment and housing. Plaintiffs further allege that similarly situated probationers who can pay restitution are discharged from supervision when their original terms expire, even if payment is made late in the term. *Id.* ¶ 241. In contrast, those without financial means remain on probation indefinitely. Plaintiffs characterize this as a two-tiered system in which punishment turns on wealth rather than culpability.

Plaintiffs assert nine counts under 42 U.S.C. § 1983, alleging violations of the Fourth, Eighth, Thirteenth, and Fourteenth Amendments, as well as parallel provisions of the Kansas Constitution. They allege Fourth Amendment violations arising from prolonged, warrantless supervision and searches imposed without adequate justification. Plaintiffs also assert Eighth

Amendment claims, alleging that effectively perpetual probation constitutes disproportionate punishment.

In addition, Plaintiffs bring Fourteenth Amendment claims for procedural due process, substantive due process, and equal protection, contending that probation is extended without hearings addressing ability to pay and that indigent defendants are punished more harshly than those with financial means. Finally, they assert Thirteenth Amendment claims, alleging that the cumulative restraints imposed through indefinite probation amounts to impermissible involuntary servitude.

On January 20, 2026, all Defendants moved to dismiss. *See* Docs. 20, 22, 24, 26. The State Defendants' motions raise defenses based on Eleventh Amendment immunity, judicial immunity, and/or *Younger* abstention. Docs. 20, 22, 24. Defendant Butler and Associates raised defenses for failure to state a claim and lack of subject-matter jurisdiction based on *Heck* and *Younger* abstention. Doc. 26. After the motions to dismiss were filed, the Court entered an initial order setting Rule 26 deadlines and a scheduling conference. *See* Doc. 28. The State Defendants subsequently moved to vacate the scheduling order and stay discovery pending resolution of their motions to dismiss. Doc. 29. To allow for full briefing, the Court suspended the deadlines set forth in the initial order pending a ruling on the motion to stay. Doc. 30. Briefing is now complete, and the Court is prepared to rule.

**II.    Legal Standard**

The decision to stay is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Id.*, at 254-55. Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). *See also Cont'l Ill.*

4

*Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). Any such stay must be kept within the "bounds of moderation." *Landis*, 299 U.S. at 254.

Generally, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion. *Tomes v. LoanCare, LLC*, No. 22-2421-JWB-KGG, 2023 WL 2784844, at *1 (D. Kan. Apr. 5, 2023). However, there are recognized exceptions to that policy. A stay is appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). If one of these circumstances is present, a stay may be appropriate. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019). "The proponent of a stay bears the burden of establishing its need." *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay").

### III. Analysis

The State Defendants generally assert that the case should be stayed pending a ruling on their motions to dismiss because they raise Eleventh Amendment immunity defenses. Defendant Butler & Associates does not assert immunity defenses but agrees that a stay is appropriate. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Consistent with that purpose, courts generally resolve immunity questions before requiring a defendant to engage in discovery. *Id.*

5

Plaintiffs argue that discovery should not be stayed because the District of Kansas generally disfavors stays pending dispositive motions and because a stay could be prejudicial to them. But this District's general policy yields where immunity from suit is asserted. Courts in this District have repeatedly recognized that the assertion of Eleventh Amendment immunity alone constitutes a sufficient basis to stay discovery. *Ulusemre v. Hatley*, No. 25-2407-TC-ADM, 2025 WL 2959298, at *1 (D. Kan. Oct. 20, 2025) (granting motion to stay due to Eleventh Amendment immunity and judicial immunity defenses raised); *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013) (granting motion to stay discovery based upon motion seeking dismissal based, in part, on qualified and Eleventh Amendment immunity); *Randle v. Hopson*, No. 12-2497-KHV-DJW, 2013 WL 120145, at *2 (D. Kan. Jan. 9, 2013) (granting stay of discovery pending a ruling on motion to dismiss asserting sovereign and judicial immunity); *Hwang v. Kansas State Univ.*, No. 11-4185-EFM, 2012 WL 3292835, at *2 (D. Kan. Aug. 13, 2012) (granting stay of discovery pending a ruling on the defendant's motion to dismiss based on sovereign immunity); *Wedel v. Craig*, No. 10-1134-EFM, 2010 WL 2545974, at *2 (D. Kan. June 22, 2010) (granting stay of discovery pending a ruling on motion to dismiss asserting Eleventh Amendment and judicial immunity).

Moreover, the immunity issues raised by the State Defendants are legal questions that can be resolved on the pleadings. Whether the State Defendants are entitled to Eleventh Amendment immunity and whether judicial immunity applies do not turn on factual development through discovery, but on the nature of the defendants, the claims asserted, and the relief requested.

At this stage, the Court need not address the merits of the State Defendants' immunity defenses. It is enough that those defenses are properly raised, unresolved, and potentially dispositive. Under these circumstances, requiring the State Defendants to engage in discovery before the Court resolves their immunity defenses would be inconsistent with the purposes underlying the immunity doctrines. *Ulusemre*, 2025 WL 2959298, at *1 (recognizing that requiring

potentially immune defendants to engage in discovery would effectively deprive them of the benefit of immunity). Accordingly, the Court concludes that the pending immunity issues independently support a stay of discovery as to the State Defendants until the motions to dismiss are resolved.

Having concluded that a stay is warranted based on the State Defendants' pending immunity defenses, the Court turns to whether discovery should nevertheless proceed against Defendant Butler and Associates. Plaintiffs argue that, even if a stay is warranted as to the State Defendants, discovery should proceed against Butler and Associates because it does not assert Eleventh Amendment immunity. The Court disagrees. This District frequently stays discovery as to all defendants where the claims are closely intertwined and proceeding against only some defendants would be impractical or inefficient. *Tao v. Univ. of Kansas*, No. 25-2005-JWB-BGS, 2025 WL 3033468, at *3 (D. Kan. Oct. 30, 2025). *See also Couser v. Somers*, No. 18-1221-JWB-GEB, 2019 WL 802038, at *4 (D. Kan. Feb. 21, 2019) ("Even if the Court could somehow parse out specific claims on which to move forward with discovery, a number of opinions from this District have found bifurcated discovery to be inefficient, impractical, and prejudicial."); *Monroe v. City of Lawrence, Kan.*, No. 13-2086-EFM-DJW, 2013 WL 6154592, at *3 (D. Kan. Nov. 21, 2013) (granting motion to stay as to all defendants because the claims share a common nucleus of facts).

Here, the claims against Butler and Associates arise from the same alleged policies and practices that underlie Plaintiffs' claims against the State Defendants. Discovery directed at Butler would necessarily overlap with discovery concerning the State Defendants' conduct, including the administration and enforcement of restitution and probation practices. Allowing discovery to proceed against Butler and Associates alone would therefore undermine the purpose of the stay and risk piecemeal and duplicative discovery. *See Tao*, 2025 WL 3033468, at *3 (raising same concerns).

Moreover, the pending motions to dismiss raise threshold issues that may significantly narrow—or eliminate—the claims in this case. *Ulusemre*, 2025 WL 2959298, at *1 (making same

7

observation). At a minimum, any such rulings are likely to significantly streamline the scope and course of discovery. Proceeding with discovery against Butler and Associates while those issues remain unresolved would be inconsistent with principles of judicial economy and efficient case management.

Having considered all of Plaintiff's arguments, the Court finds that the most prudent course of action is to stay all discovery pending resolution of the dispositive motions. Accordingly, the Court hereby stays discovery and all related Rule 26 proceedings until the District Judge rules on the motions to dismiss.

**IT IS THEREFORE ORDERED** that the State Defendants' motion to stay discovery, Doc. 29, is **GRANTED**. Discovery and the related Rule 26 proceedings, including the obligation to provide initial disclosures, submit a proposed scheduling order, and attend a scheduling conference, are stayed until the District Judge rules on the Defendants' motions to dismiss. The parties are directed to contact the Magistrate Judge's chambers within 7 days of the District Court's decision so that the undersigned may enter an initial order and set this case for a scheduling conference.

**IT IS SO ORDERED.**

Dated February 5, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge