**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JEFFREY ENGLUND, ALICIA MCKNIGHT, DEBRA NICOLE RICE,** and **ALANNA CARTER**, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**STATE OF KANSAS, et al.,**<br><br>*Defendants*. | No. 2:25-cv-02632-TC-BGS |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Pursuant to D. Kan. Rule 7.1(f), Plaintiffs respectfully move the Court to take notice of a recent March 20, 2026, decision of the United States Supreme Court, *Olivier v. City of Brandon,* 607 U.S. ---, 146 S.Ct. 916 (2026), as supplemental authority in support of Plaintiffs' Memorandums in Opposition to Defendants' Motions to Dismiss. The *Olivier* opinion is attached hereto as Exhibit A.

In *Olivier*, the Court clarified the scope of *Heck v. Humphrey*, 512 U.S. 477 (1994), holding that § 1983 claims seeking "wholly prospective" relief are not barred where they do not function as a collateral attack on a prior conviction or sentence, *Olivier*, 146 S.Ct. at 924. The Court explained that forward-looking claims seeking to prevent future enforcement of an allegedly unconstitutional law fall outside the "core of habeas" and therefore may proceed under § 1983. *Id*. at 924-925 (internal citation omitted). The Court also noted that *Heck*'s "necessarily imply" language must not be read mechanically, as it may reflect imprecise phrasing, and is not a categorical rule barring all such claims. *Id*. at 925 (noting that "the phrasing was not quite as tailored as it should have been").

Plaintiffs argue that *Heck* does not bar their claims, because *Heck* must be read more narrowly than Defendants contend. *See* Dkts. 34 at 12-14; 35 at 11–12; 36 at 12–14; 37 at 9–11. *Olivier* is directly relevant to Plaintiffs' position, because it clarifies the scope of the *Heck* bar and confirms that, even where success may implicate prior criminal proceedings, claims seeking prospective relief from ongoing or future enforcement of unconstitutional practices are not subject to dismissal on that basis. Plaintiffs seek an award of monetary damages for the violation of their constitutional rights, but only against those Defendants from whom such relief is legally available and not barred by immunity or other applicable law. Dkt. 1 at 10–11.

Plaintiffs respectfully submit this authority for the Court's consideration in evaluating Plaintiffs' Memorandums in Opposition to Defendants' Motions to Dismiss.

Dated: April 9, 2026

Respectfully submitted,

*/s/ Monica Bennett*

Monica Bennett
**ACLU OF KANSAS**
PO Box 13048
Overland Park, KS 66282
(913) 490-4100
mbennett@aclukansas.org

Craig C. Martin
Matthew J. Thomas
John D. Mitchell
**WILLKIE FARR & GALLAGHER LLP**
300 N LaSalle Dr.
Chicago, IL 60654
(312) 728-9000
cmartin@willkie.com
mthomas@willkie.com
jmitchell2@willkie.com

*Attorneys for Plaintiffs and All Others Similarly Situated*

**CERTIFICATE OF SERVICE**

I, Jessica Swonger, certify the foregoing was filed via the Court's electronic filing system this 9th day of April, 2026, which automatically serves notice on all ECF-registered counsel of record.

/s/ *Jessica Swonger*
Jessica Swonger
**ACLU OF KANSAS**
PO Box 13048
Overland Park, KS 66282
(913) 314-2161
jswonger@aclukansas.org